IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANNY L. GRIMES                                                                                  PLAINTIFF

V.                                                                      CIVIL ACTION NO.1:12CV137-SA-DAS

BNSF RAILWAY COMPANY                                                                  DEFENDANT

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the court on the defendant's renewed motion for summary judgment. After considering the motion and the response, the court finds as follows:

FACTS AND CASE HISTORY

Danny Grimes was injured on April 18, 2012, while working for BNSF Railway Company. He reported his injury, and after an investigation and administrative hearing, the hearing officer found he had been dishonest regarding the circumstances surrounding his accident. BNSF then terminated Grimes, and he filed an administrative appeal. While the adjudicative body agreed that Grimes had been dishonest, it ordered him reinstated, but without compensation for time lost.

Grimes then filed this action for retaliation under 49 U.S.C § 20109, which prohibits railroad carriers from discharging employees for notifying the railroad that they have sustained a personal injury. This court originally granted summary judgment for the defendant, holding that the administrative finding– that Grimes had been dishonest– was entitled to preclusive effect in this action. On appeal, the Fifth Circuit Court of Appeal reversed, holding that collateral estoppel did not apply because the decision made at the administrative level was made without neutral arbitrators. *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 190 (5th Cir. 2014). In other words,

"because it was the railroad that conducted the investigation and hearing and terminated Grimes, and because the PLB only reviewed a closed record, the procedures were not adequate for collateral estoppel to apply." *Id.*

The defendant has now renewed its motion for summary judgment and argues, that even without giving preclusive effect to the administrative findings, there is no dispute of material fact and it is entitled to summary judgment. Its primary argument is that the record shows beyond dispute that it discharged Grimes for being dishonest about the accident, not because he was injured. BNSF points out that it also fired two uninjured employees involved in the accident, also for falsely reporting the circumstances surrounding the accident. This fact, it argues proves Grimes would have been fired anyway and that his injury was not a factor in its decision to terminate him. On the other hand, Grimes has testified that he sustained a head injury that left him confused and impaired his memory around the time of the accident and that he was not sure how the accident happened. He attributes the reported discrepancies in his report of injury to confusion and disorientation arising from his injuries, and denies any deliberate misrepresentation or withholding any information.

## SUMMARY JUDGMENT

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 requires that materials supporting or opposing the motion be admissible at trial.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant has the burden in responding to summary judgment to designate sufficient facts to show a material dispute to be resolved by trial.

> This burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by "conclusory allegations," *Lujan,* 497 U.S. at 871-73, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla' of evidence," *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). *Little,* 37 F.3d at 1075.[1]

---

[1] Quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

## ANALYSIS

To prevail in the present action, the plaintiff must show, among other things, that his actions leading to his termination constituted "protected activity." In this case, that activity would be reporting a job-related personal injury but reporting in good faith. 49 U.S.C. § 20109(a). BNSF argues Grimes cannot prove this element of his claim because he made material misrepresentations to his employer about how he was hurt. The defendant points to the testimony of Brian Hauber, its train master, who conducted the field investigation. Hauber testified that Grimes initially reported that he must have misstepped and fallen or fallen while traversing between engines. Grimes was, in fact, knocked to the ground in a "rough coupling." A co-worker, who lacked the proper certification to operate a locomotive, inadvertently failed to stop his engine short of the engine on which Grimes was standing and they collided.

According to Hauber, the day afer the accident Grimes confessed to withholding information about the accident in an attempt to protect his co-workers. Grimes does not deny this conversation, but instead Grimes testified his memory of the accident and the days after it was impaired. He is not sure how much he truly remembers and how much of his memory is recollection of what he has been told.

4

The defendant cites two cases in support of its argument that Grimes' purported lack of recollection is not sufficient to create a triable issue of fact. In both cases a witness or party did not deny damning facts, but claimed to have no recollection of these facts. In both cases, the courts found no triable issue of fact.

In *FDIC v. National Union Fire Insurance Co. of Pittsburg, PA.*, 205 F.3d 66 (2nd Cir. 1999), the plaintiff sought to recover on the fidelity bond of a bank trustee, alleging that a large bank loss on a construction project was the result of the trustee not forwarding reports of financial misconduct to the bank. It was undisputed that this information was not provided to the bank and that the bank made additional loans on the project, but would not have done so had it been warned. Four people testified that the trustee was informed that the project manager was stealing money. The guilty construction manager confirmed he had discussed these allegations with the trustee. The trustee, however, testified that he could not recall having heard any allegations about stealing, though admitting it was possible he had received such reports. In fact after being warned about the manager, the trustee wrested financial control from the manager in other projects where the trustee had a personal financial stake. The court of appeals affirmed the district court's decision to grant summary judgment, finding the trustee's self-serving lack of recollection was not enough to create a factual dispute about the dishonesty of his actions and the resulting loss. *National Union*, 205 F.3d at 71.

Similarly, in *Fitch v. Reliant Pharmaceuticals*, 192 Fed. Appx. 302 (5th Cir. 2006), the court found a plaintiff's self-serving lack of recollection of critical facts was not enough to bar entry of summary judgment against her. Fitch alleged she was fired from her job as a pharmaceutical representative because she refused to violate the Prescription Drug Marketing

5

Act (PDMA). Her employer contended on summary judgment it had several bona fide, lawful reasons for her discharge, including Fitch's failure to show up for scheduled appointments with doctors. Fitch, who had to prove the alleged illegal reason was the sole reason for her discharge, pointed to her deposition testimony that she did not recall having missed any appointments. The Fifth Circuit Court of Appeals held that her "equivocal statements are insufficient to create a genuine issue of material fact sufficient to survive summary judgment." *Fitch*, 192 Fed. Appx. at 303-04.

The court finds the above-cited cases factually distinct from the present case. In both cited cases, a deponent claimed lack of recollection of damning facts, where anyone with all of their faculties would recall the pertinent facts and deny the allegation. But this case is factually distinguishable precisely because Grimes claims his thought processes and memory were impaired following the accident because of the injuries he sustained in it. His testimony is corroborated by testimony from his wife and one co-worker. Because it is not disputed that Grimes sustained some injuries to his head, his claims are not intrinsically unbelievable. While the fact that Grimes' explanation was rejected in the administrative proceedings weighs against his credibility, the determination of his claims will rise or fall with the jury's evaluation of his credibility, and the credibility of other witnesses.

Likewise, the fact that BNSF also fired his two co-workers for dishonesty regarding their reports of the accident is not irrefutable proof that Grimes' injury was not a factor in his discharge. His co-workers were not injured and did not claim that any error in their reports was the result of a head injury. Whether this distinction leads to a conclusion that Grimes was honest but confused or that he was dishonest, must be decided at trial.

Finally, the defendant raises other alleged violations of company policy as justification for terminating Grimes. The record demonstrates bona fide disputes about the meaning of the policies, the actual company practice, and whether the facts show a breach of policy. Not only must a jury decide if there has been a breach of these other policies, it must decide whether any breaches are the sole cause for BNSF's decision to discharge the plaintiff.

Accordingly, the defendant's renewed motion for summary judgment is denied.

SO ORDERED AND ADJUDGED this the 25th day of June, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE